PARKER *v.* CHILDREN SERVICES BOARD OF TRUMBULL COUNTY.

(No. 3501—Decided December 28, 1984.)

*David Dull,* for petitioner.
*Craig Neuman,* for respondent.

DAHLING, J. This is an original action for a writ of habeas corpus and other relief. The petitioner, Sherri Parker, demanded that the Children Services Board of Trumbull County show by what order they are retaining custody of her child, Adam Parker.

The writ of habeas corpus was granted on November 23, 1984 ordering the Children Services Board of Trumbull County to appear with the child and answer the petition. On November 28, 1984, a full evidentiary hearing was held. The parties have filed briefs and the issues are before this court for a final judgment.

The facts are not in dispute. The petitioner is the mother of Adam Parker who was born October 18, 1983. The petitioner, on September 11, 1984, went shopping and left Adam with a male friend. When she returned she observed Adam was injured. She took him immediately to Warren General Hospital where it was determined he had a fractured right arm and right leg with numerous other bruises and contusions.

The petitioner admits that the child was severely abused and that her friend abused the child. She stated that he admitted the abuse.

A medical examination further disclosed that Adam had previously suffered a broken clavicle for which he had not received medical treatment.

At the hospital the petitioner first contended the child had received the injuries in a fall. After seeing the extent of the injuries she admitted child abuse.

Also, at first she contended her friend was her brother. Later, she admitted that this was false.

Photographs of Adam (Exhibit 4) were offered in evidence, but the commissioner sustained petitioner's objection. The admission of Exhibit 4 is granted. The clerk is ordered to include said Exhibit 4 to the record of this case.

In conclusion, the facts are that this is a very extreme case of child abuse with the petitioner attempting to lie and conceal the entire affair.

The petitioner contends Adam was taken by the Children Services Board by chicanery and unlawful means.

The Children Services Board states that while Adam was in Warren General Hospital on September 12, 1984, the petitioner signed papers on entitled right to counsel, agreement for temporary custody, and waiver of notice of hearing. On the same day, Thomas F. Norton, Judge of the Domestic and Juvenile Division of the Court of Common Pleas of Trumbull County, signed an order granting temporary custody to the Children Services Board, at an *ex parte* hearing at which petitioner was neither notified nor present.

The issue presented is whether it was unlawful and a denial of due process for Judge Norton to have granted temporary custody under the above-stated conditions.

Petitioner's main argument is that R.C. 2151.281 requires the court to appoint a guardian *ad litem*. R.C. 2151.281 provides in pertinent part:

"The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged abused or neglected child, and in any proceeding held pursuant to section 2151.414 of the Revised Code."

Juv. R. 13 provides in part:

"(D) Ex parte proceedings. Where it appears to the court that the interest and welfare of the child require that action be taken immediately, the court may proceed summarily and without notice under subdivision (A), (B) or (C).

"(E) Hearing; notice. Wherever possible, the court shall provide an opportunity for hearing before proceeding under subdivision (A), (B) or (C) and shall give notice of the time and place of the hearing to the parties and any other person who may be affected by the proposed action. Where the court has proceeded without notice under subdivision

(D), it shall give notice of the action it has taken to the parties and any other affected person and provide them an opportunity for a hearing concerning the continuing effects of such action."

In consideration of Juv. R. 13, the court did not deny petitioner due process by not appointing a guardian *ad litem* at the temporary custody hearing. An emergency situation existed. The child had previously suffered a broken clavicle with no medical attention. Here, the child was severely abused on September 11, 1984. Petitioner lied about the abuse. The Children Services Board and the court were vigilant and took sensible action. For this they should be commended and not charged with chicanery. It was vital that temporary custody be taken before the child was further abused or killed.

Where an emergency situation exists the court has full authority to grant *ex parte* orders.

Petitioner also argues that written waivers are not permissible and cites R.C. 2151.353(C), which states:

"No order of temporary custody shall be made unless the summons served on the parents contains a statement that an adjudication of abuse, neglect, or dependency may result in an order of temporary custody, a full explanation that the granting of an order of temporary custody will cause the removal of the child from their legal custody until the court terminates the order of temporary custody or permanently divests them of their parental rights, and a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120 of the Revised Code if they are indigent."

This argument is also without merit. There is no authority for the proposition that these rights cannot be waived. See Juv. R. 13(D).

Judgment is accordingly granted for the Children Services Board of Trumbull

County, and the petition is dismissed at petitioner's costs.

It is so ordered.

*Petition dismissed.*

COOK, P.J., and FORD, J., concur.